**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1324**

———————

PAUL MANOS; MARGARET M. MANOS,

        Plaintiffs - Appellants,

    v.

FREEDOM MORTGAGE CORPORATION,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:19-cv-00578-GCM)

———————

Submitted: March 15, 2022                 Decided: March 24, 2022

———————

Before MOTZ, HARRIS, and RICHARDSON, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** M. Shane Perry, COLLUM & PERRY, Mooresville, North Carolina, for Appellants. John J. Berry, Pittsburgh, Pennsylvania, David A. Zulandt, DINSMORE & SHOHL LLP, Cleveland, Ohio, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul and Margaret Manos ("Plaintiffs") filed a complaint against Freedom Mortgage Corporation ("Freedom") pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 to 1681x, the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. Gen. Stat. § 75-1.1 (LexisNexis 2021), and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. §§ 75-50 to 75-56 (LexisNexis 2021). The district court granted Freedom's motion for summary judgment. On appeal, Plaintiffs argue that there existed genuine disputes of material fact that should have precluded summary judgment.

We review de novo the district court's order granting summary judgment. *Calloway v. Lokey*, 948 F.3d 194, 201 (4th Cir. 2020). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). A genuine dispute exists "if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, this court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Plaintiffs first argue that Freedom violated the FCRA by reporting misleading information and that Freedom's investigations were not reasonable and in compliance with the FCRA. The FCRA prohibits those who furnish information to credit reporting agencies from providing information they know to be false and requires them to correct information discovered to be false. 15 U.S.C. § 1681s-2(a)(1), (2). A credit report is inaccurate if it reports misleading information. *Saunders v. Branch Banking and Tr. Co.*, 526 F.3d 142, 148 (4th Cir. 2008). The FCRA also requires that a creditor conduct a reasonable investigation after receiving notice of a dispute. 15 U.S.C. § 1681s-2(b)(1)(A); *Johnson v. MBNA Am. Bank, N.A.*, 357 F.3d 426, 431 (4th Cir. 2004). Whether an investigation was reasonable "is based on an evaluation of information within the furnisher's possession, such as correspondence between the consumer and the furnisher, the data identified by the reporting agency as disputed, and the furnisher's other records relating to the disputed account." *Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246, 253 (4th Cir. 2017) (No. 16-2243).

In this case, Freedom did not omit any pertinent information that would render its report misleading, nor did it include information that was false. Rather, Freedom correctly reported the undisputed fact that Plaintiffs' March 2018 mortgage payment was received more than 30 days late. Although Plaintiffs assert that Freedom's report was misleading for failing to disclose that Plaintiffs made a good faith effort to pay on time, Plaintiffs' evidence is insufficient to create a disputed issue of material fact regarding whether they made a good faith effort to pay on time. As for Freedom's investigation, the record reveals that each time Plaintiffs disputed Freedom's report, Freedom conducted an investigation

that included review of Plaintiffs' accounts—including the payment history, servicing notes, recordings, web logs, and cash management records—and determined that Plaintiffs' March 2018 payment was submitted more than 30 days late. Plaintiffs have not produced any evidence showing that Freedom's investigation was unreasonable. As such, we conclude that the district court did not err in granting summary judgment with respect to this claim.

Turning to Plaintiffs' NCUDTPA claim, the NCUDTPA states that "unfair or deceptive acts or practices in or affecting commerce are declared unlawful." N.C. Gen. Stat. § 75-1.1(a). "In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show: (1) the defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 226 (N.C. 2013) (alteration and internal quotation marks omitted).

Plaintiffs argue that Freedom's failure to disclose its policy of requiring payment to be postdated if made after 11:00 p.m. was deceptive and in violation of the NCUDTPA, and they dispute the district court's determination that the NCDCA supplants the NCUDTPA because their claim under the NCUDTPA does not specifically pertain to debt collection. We conclude that, regardless of whether the NCDCA supplanted the NCUDTPA, the court correctly determined that Plaintiffs failed to establish a NCUDTPA claim. "[W]hether an act or practice is an unfair or deceptive practice that violates N.C. Gen. Stat. § 75-1.1 [is] a question of law for the court." *In re Fifth Third Bank, N.A.*, 719 S.E.2d 171, 176 (N.C. Ct. App. 2011) (alterations and internal quotation marks omitted).

4

"A practice is unfair . . . when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* (internal quotation marks omitted). Failing to disclose information has been considered deceptive when it rises to the level of a misrepresentation. *Kron Med. Corp. v. Collier Cobb & Assoc., Inc.*, 420 S.E.2d 192, 196 (N.C. Ct. App. 1992).

Plaintiffs failed to produce any evidence that Freedom's alleged nondisclosure of its postdating policy was unfair or deceptive. Freedom had a banner on its website notifying customers that payments made after 11:00 p.m. would be posted the following day and had a system in place to notify customers attempting to make online payments after 11:00 p.m. of how to properly submit their payment. Moreover, Plaintiffs successfully submitted a payment after 11:00 p.m. in February 2018 following Freedom's procedure. Given the undisputed evidence of constructive and actual disclosure, we find that the district court did not err in granting summary judgment with respect to Plaintiffs' NCUDTPA claim.

Finally, Plaintiffs argue that the district court erred in granting summary judgment with respect to their NCDCA claim under N.C. Gen. Stat. § 75-55(2) because it improperly weighed the evidence and did not view the evidence in the light most favorable to them. To state a claim under the NCDCA, "[f]irst, the obligation owed must be a 'debt'; second, the one owing the obligation must be a 'consumer'; and third, the one trying to collect the obligation must be a 'debt collector.'" *Green Tree Servicing LLC v. Locklear*, 763 S.E.2d 523, 527 (N.C. Ct. App. 2014) (internal quotation marks omitted). Then, the three requirements of a NCUDTPA claim must be met. *Reid v. Ayers*, 531 S.E.2d 231, 235 (N.C.

5

Ct. App. 2000). Section 75-55(2) specifically prohibits a debt collector from collecting a late fee by unconscionable means.

Freedom's records showed that an error message was displayed after Plaintiffs attempted to submit their payment after 11:00 p.m., that no confirmation number was sent after the attempted payment, and that Freedom attempted to call Plaintiffs numerous times. Moreover, Plaintiffs admitted that they received two letters from Freedom notifying them of the overdue payment, but they did not open the letters. Thus, the district court correctly determined that no jury could find that Plaintiffs properly submitted their March 2018 payment, or that Freedom failed to provide notice to Plaintiffs that their payment was not properly submitted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*